IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

BRUCE MCINTOSH,                )
                               )
          Plaintiff,           )
                               )
     v.                        )      1:15CV970
                               )
JACOBS TECHNOLOGY,             )
                               )
          Defendant.           )

## MEMORANDUM OPINION AND ORDER

**OSTEEN, JR., District Judge**

This matter comes before the court on Defendant's Motion to Dismiss the Complaint (Doc. 7). Defendant also filed a memorandum in support (Doc. 8). Despite the fact that these were filed on January 25, 2016, and Plaintiff Bruce McIntosh was issued a Roseboro Letter on January 26, 2016, advising him of his right to file a response, (see Doc. 9), Plaintiff never responded. The time to respond has now passed and the matter is therefore ripe for resolution.

The Local Rules for the Middle District of North Carolina provide helpful guidance for this procedural context. Under Rule 7.3, "[t]he respondent, if opposing a motion, shall file a response, including brief, within 21 days after service of the motion[.]" LR 7.3(f). Further, "[t]he failure to file a brief or response within the time specified in this rule shall constitute

a waiver of the right thereafter to file such brief or response, except upon a showing of excusable neglect." LR 7.3(k). Additionally, "[i]f a respondent fails to file a response within the time required by this rule, the motion will be considered and decided as an uncontested motion, and ordinarily will be granted without further notice." Id.

Here, as noted in the Roseboro letter, Plaintiff was specifically advised of the possibility of adverse action if he failed to respond:

> You have the right to file a 20-page response in opposition to the defendant(s)' motion(s). Your failure to respond or, if appropriate, to file affidavits or evidence in rebuttal within the allowed time may cause the court to conclude that the defendant(s)' contentions are undisputed and/or that you no longer wish to pursue the matter. Therefore, unless you file a response in opposition to the defendant(s)' motion(s), it is likely your case will be dismissed or summary judgment granted in favor of the defendant(s). A response to a motion to dismiss must be filed within 21 days from the date of service of the defendant(s)' motion upon you.
> . . . .
> The original of your response should be mailed to this office and a copy served upon counsel for the defendant(s). Any pleadings presented to this court for filing must be accompanied by a certificate stating that you have served copies on counsel for the defendant(s).

(Roseboro Letter (Doc. 9).)[1]

---

[1] This letter was sent under the requirements of Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975), and its progeny.

-2-

Despite these clear rules and notices to Plaintiff, some prior cases in the Middle District involving the failure to respond by a pro se plaintiff have, in light of the plaintiff's pro se status, nevertheless looked to see if he failed to state a claim upon which relief could be granted. See, e.g., McGee v. Countrywide Bank FSB, No. 1:12CV772, 2013 WL 942394, at *1 (M.D.N.C Mar. 11, 2013); Simmons v. Atkinson, No. 1:11CV110, 2013 WL 633587, at *1 (M.D.N.C. Feb. 20, 2013). Others have sought to strictly enforce the local rules despite a party's pro se status. See Crisp v. Allied Interstate Collection Agency, 149 F. Supp. 3d 589, 592-93 (M.D.N.C. 2016) (nevertheless addressing substantive issues as well); Mitchell v. Winston-Salem, No. 1:04CV1103, 2006 WL 889552, at *4 (M.D.N.C. Mar. 29, 2006) ("The fact that plaintiff is proceeding pro se does not require a different result. Following rules and evincing an interest in one's own proceeding do not require special legal training, but rather are universal prerequisites for an orderly judicial system, if not the hallmark of well intending individuals." (citation omitted)).

This court strictly construes application of the Local Rules and determines that Defendant's motion should be deemed uncontested and granted. However, even if this court did not so apply the Rules and looked closer at the substance due to Plaintiff's pro se status, a substantive ground nevertheless

-3-

exists for dismissal. Consequently, this court will grant the motion and dismiss Plaintiff's Complaint.

## I. RELEVANT BACKGROUND

Plaintiff alleges that, at all relevant times, he has resided in North Carolina and is a citizen of the United States, although he was also employed in and resided in Afghanistan. (Complaint ("Compl.") (Doc. 1) ¶ 1.) He further alleges that at all relevant times, Defendant is "a domestic corporation licensed and doing business in Warren, Michigan and other locations throughout the United States and the rest of the world, in this case specifically, Afghanistan[.]" (Id. ¶ 2.)

The Complaint further alleges that "[t]he United States District Court For The Eastern District of North Carolina, Fayetteville Division, is the proper venue for this action pursuant to 28 U.S.C. § 1391(b)(1) and (b)(3) because this is the District and Division in which Bruce McIntosh resides." (Id. ¶ 4.) However, it was filed in the United States District Court for the Middle District of North Carolina, Greensboro, North Carolina, on November 17, 2015. (See id. at 1.)

Plaintiff alleges that diversity jurisdiction applies here, as "Plaintiff resides in North Carolina, the events complained of occurred in Afghanistan and the Defendant's principle offices are located worldwide but the principle office is located" in Pasadena, California. (Id. ¶ 4.) He then alleges four counts:

-4-

(1) a claim under the Fair Labor Standards Act, (2) mental and emotional distress, (3) breach of contract, and (4) Title VII racial discrimination. (See id. at 3-5.)

## II. **ANALYSIS**

Defendant seeks dismissal of "Plaintiff's Complaint in its entirety for failure to state a claim upon which relief may be granted under Rule 12(b)(6), lack of personal jurisdiction under Rule 12(b)(2), and insufficient service of process under Rule 12(b)(5)." (Def.'s Mot. to Dismiss the Complaint ("Def.'s Mot.") (Doc. 7) at 1.) Because jurisdiction is a primary requirement, under the Due Process Clause, for a court to be able to "subject a defendant to judgment[,]" J. McIntyre Mach., Ltd. v. Nicastro, 564 U.S. 873 (2011), this court will first assess whether it has this power over Defendant or whether the case must be dismissed regardless.

"Under Rule 12(b)(2), a defendant must affirmatively raise a personal jurisdiction challenge, but the plaintiff bears the burden of demonstrating personal jurisdiction at every stage following such a challenge." Grayson v. Anderson, 816 F.3d 262, 267 (4th Cir. 2016) (citation omitted). While the burden and evidence necessary to meet that burden "varies according to the posture of a case[,]" "when the court addresses the personal jurisdiction question by reviewing only the parties' motion papers, affidavits attached to the motion, supporting legal

-5-

memoranda, and the allegations in the complaint, a plaintiff need only make a prima facie showing of personal jurisdiction to survive the jurisdictional challenge." Id. at 268 (citations omitted). Upon review of these materials and when analyzing whether the prima facie standard has been satisfied, "the court must take the allegations and available evidence relating to personal jurisdiction in the light most favorable to the plaintiff" but "[u]ltimately, . . . a plaintiff must establish facts supporting jurisdiction over the defendant by a preponderance of the evidence." Id. (citations omitted).[2]

Lack of personal jurisdiction is an appropriate ground for dismissal. See, e.g., Fed. R. Civ. P. 12(b)(2); Grayson, 816 F.3d at 271. "Under Federal Rule of Civil Procedure 4(k)(1)(A), a federal court may exercise personal jurisdiction over a defendant in the manner provided by state law." ALS Scan, Inc. v. Dig. Serv. Consultants, Inc., 293 F.3d 707, 710 (4th Cir.

---

[2] The Fourth Circuit explained that while the court must hold an evidentiary hearing to determine whether a plaintiff has satisfied the preponderance of the evidence standard,

> an "evidentiary hearing" requires only that the district court afford the parties a fair opportunity to present both the relevant jurisdictional evidence and their legal arguments. Once the court has provided that opportunity, it must hold the plaintiff to its burden of proving facts, by a preponderance of the evidence, that demonstrate the court's personal jurisdiction over the defendant.

Grayson, 816 F.3d at 268.

2002) (citation omitted). "In analyzing a challenge to a court's exercise of personal jurisdiction, [courts] first consider whether the state's long-arm statute authorizes the exercise of jurisdiction over the defendant, and if [they] conclude that it does, [they] then determine whether the exercise of jurisdiction comports with the Fourteenth Amendment due process requirements." Stover v. O'Connell Assocs., Inc., 84 F.3d 132, 134-35 (4th Cir. 1996) (citations omitted). If a state's statutory authorization for exercise of personal jurisdiction is "coterminous with the limits of the Due Process Clause, the statutory inquiry necessarily merges with the constitutional inquiry" and then the court will look "to whether [a party's] activities in [that state] constitute[] sufficient minimum contacts with [that state] such that maintenance of suit against [them] in [that state] comports with the demands of due process." Id. at 135-36. For North Carolina's personal jurisdiction statute, "[w]hen personal jurisdiction is alleged to exist pursuant to the long-arm statute, the question of statutory authority collapses into one inquiry – whether defendant has the minimum contacts with North Carolina necessary to meet the requirements of due process." Hiwassee Stables, Inc. v. Cunningham, 135 N.C. App. 24, 27, 519 S.E.2d 317, 320 (1999) (citation omitted).

This inquiry is to ensure that the "'certain minimum contacts' with the forum [are] such that 'maintenance of the suit does not offend "traditional notions of fair play and substantial justice."'" Yates v. Motivation Indus. Equip. Ltd., 38 F. App'x 174, 176 (4th Cir. 2002) (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)).

The inquiry then delves into the two types of personal jurisdiction: general and specific. See id. (citing EASB Grp., Inc. v. Centricut, Inc., 126 F.3d 617, 623-24 (4th Cir. 1997)). "General jurisdiction exists when a foreign corporation's 'affiliations with the State are so "continuous and systematic" as to render them essentially at home in the forum State.'" Vision Motor Cars, Inc. v. Valor Motor Co., 981 F. Supp. 2d 464, 473 (M.D.N.C. 2013) (citing Goodyear Dunlop Tires Operations, S.A. v. Brown, ____ U.S. ____, ____, 131 S. Ct. 2846, 2851 (2011)). "[S]pecific jurisdiction is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction." Id. (internal quotation marks omitted) (quoting Goodyear, 131 S. Ct. at 2851).

In this analysis,

> [t]o establish general jurisdiction over the defendant, the defendant's activities in the State must have been continuous and systematic, a more demanding standard than is necessary for establishing specific jurisdiction. Attenuated connections that do not rise to the level of continuous and systematic general business contacts are insufficient. Nor are a

-8-

small number of sales to customers within the forum state adequate to impart personal jurisdiction.

Id. (citations and internal quotation marks omitted).

As to the second personal jurisdiction type,

[s]pecific jurisdiction exists when the suit aris[es] out of or [is] related to the defendant's contacts with the forum. To determine the existence of specific jurisdiction, a court considers: (1) the extent to which the defendant purposefully availed itself of the privilege of conducting activities in the State; (2) whether the plaintiffs' claims arise out of those activities directed at the State; and (3) whether the existence of personal jurisdiction would be constitutionally reasonable. If, and only if, [a court] find[s] that the plaintiff has satisfied this first prong of the test for specific jurisdiction need [the court] move on to a consideration of prongs two and three.

Id. at 474 (citations and internal quotation marks omitted).

Factors the Fourth Circuit has summarized as relevant to determining whether prong one has been satisfied include:

- whether the defendant maintains offices or agents in the forum state;

- whether the defendant owns property in the forum state;

- whether the defendant reached into the forum state to solicit or initiate business;
- whether the defendant deliberately engaged in significant or long-term business activities in the forum state;

- whether the parties contractually agreed that the law of the forum state would govern disputes;

- whether the defendant made in-person contact with the resident of the forum in the forum state regarding the business relationship;

-9-

- the nature, quality and extent of the parties' communications about the business being transacted; and

- whether the performance of contractual duties was to occur within the forum.

Id. (citation omitted).

Plaintiff has failed to meet a prima facie standard of alleging either general or specific personal jurisdiction. This court reviewed his Complaint — he has failed to respond or provide other evidence — and at best, it alleges that "the events complained of occurred in Afghanistan" and there is no allegation that Defendant even has offices or contacts with North Carolina, beyond the fact that Plaintiff, a former employee, lived and lives in North Carolina. (See Compl. (Doc. 1) ¶¶ 1, 2, 4.) There are simply no links, attenuated, direct, or otherwise, alleged between Defendant and the forum state of North Carolina. Further, Plaintiff's mere invocation of federal claims in his Fair Labor Standards Act count does not necessitate that this court have personal jurisdiction over

-10-

Defendant, a corporation with clear ties to other states within the United States. See Grayson, 816 F.3d at 271.[3]

---

[3] In Grayson, the Fourth Circuit explained the interaction between Rule 4(k)(2) and personal jurisdiction as follows:

> We also conclude that the district court did not err in rejecting the plaintiffs' reliance on their federal law claims to demonstrate personal jurisdiction over Vision International under Rule 4(k)(2). That Rule provides that, "[f]or a claim <u>that arises under federal law</u>, serving a summons or filing a waiver of service establishes personal jurisdiction over a defendant if: (A) <u>the defendant is not subject to jurisdiction in any state's courts of general jurisdiction</u>; and (B) exercising jurisdiction is consistent with the United States Constitution and laws." Thus, if a plaintiff's claims arise under federal law, the plaintiff can invoke Rule 4(k)(2) if it demonstrates that <u>no State</u> can exercise personal jurisdiction over the defendant but that the defendant's contacts with the United States as a whole support the exercise of jurisdiction consistent with the Constitution and laws of the United States. Of course, if a plaintiff properly invokes Rule 4(k)(2), it can rely on pendent jurisdiction for its state law claims, so long as those claims arose under the same nucleus of operative facts.
>
> In this case, the plaintiffs never argued, as they were required to do, that <u>no State</u> could exercise personal jurisdiction over Vision International. . . . In any event, the record shows that Jarvis' and Papacosta's personal contacts with businesses and individuals throughout the United States failed to establish jurisdiction under Rule 4(k)(2) <u>over Vision International</u> for the same reasons that those contacts proved insufficient to satisfy jurisdiction under South Carolina's long-arm statute. Their contacts involved conduct that exceeded the scope of their employment with Vision International and thus could not be imputed to Vision International.

Grayson, 816 F.3d at 271 (citations omitted).

-11-

As Plaintiff fails to allege any facts upon which this court could ground a finding of a prima facie showing of either general or specific personal jurisdiction over Defendant, it follows that this court does not have personal jurisdiction over Defendant. For this reason, the court would be similarly justified in granting Defendant's motion to dismiss.

Due to the already-existing grounds for explaining this court's decision to grant Defendant's motion to dismiss, and in the interest of judicial economy, this court will decline to issue an advisory opinion as to the merits of Defendant's other objections and grounds for dismissal of Plaintiff's Complaint.

### III. CONCLUSION

For the reasons set forth herein, **IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (Doc. 7) is **GRANTED** and that this case is **DISMISSED.**

A judgment in accordance with this Memorandum Opinion and Order will be entered contemporaneously herewith.

This the 25th day of August, 2016.

                              /s/ William L. Osteen, Jr.
                              United States District Judge